20SL-CC03340

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| ANGELA MALCICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No.: |
| | ) |
| ST. LOUIS COUNTY, | )   **Jury Trial Demanded** |
| | ) |
| **Serve at:** | ) |
| **County Clerk** | ) |
| **105 S. Central Ave.** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| and | ) |
| | ) |
| TROY DOYLE, in his individual | ) |
| capacity only, | ) |
| | ) |
| **Serve at:      Hold for Service** | ) |
| | ) |
| and | ) |
| | ) |
| UNKNOWN GUARDS, in their individual | ) |
| capacities, | ) |
| | ) |
| **Serve at:      Hold for Service** | ) |
| | ) |
| and | ) |
| | ) |
| UNKNOWN NURSES, in their individual | ) |
| capacities, | ) |
| | ) |
| **Serve at:      Hold for Service** | ) |
| | ) |
| and | ) |
| | ) |
| ST. LOUIS COUNTY DEPARTMENT OF | ) |
| JUSTICE SERVICES, | ) |
| | ) |
| **Serve at:** | ) |
| **County Clerk** | ) |
| **105 S. Central Ave.** | ) |
| **Clayton, MO 63105** | ) |



Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

Defendants.                              )
                                         )

## PETITION

### Parties and Jurisdiction

1.      Plaintiff Angela Malcich (hereinafter "Plaintiff") is, and was at all times relevant herein, the mother of Daniel Stout (hereinafter "Stout").  Plaintiff is the appropriate party to bring this action on behalf of all members of the class for wrongful death pursuant to R.S.Mo. §537.080(1).

2.      Defendant St. Louis County, Missouri (hereinafter "St. Louis County") is a political subdivision of the State of Missouri and operates the Buzz Westfall Justice Center (hereinafter "Justice Center") through its Department of Justice Services.  It also provides healthcare services to inmates of the Justice Center through the Corrections Medicine Program operated by the St. Louis County Department of Public Health.

3.      St. Louis County is a public governmental body as defined by the Missouri Sunshine Law, § 610.010, R.S.Mo.  See also, Missouri Const., Art. IV, § 12; Chapter 27 of the Missouri Revised Statutes.

4.      At all times relevant hereto, Defendant Troy Doyle was the Acting Director of the Justice Center.  He is sued in his individual capacity.

5.      At all times relevant hereto, Defendants unknown Guards were corrections officers employed by St. Louis County through the Justice Center.  They are sued in their individual capacities only.

6.      At all times relevant hereto, Defendants unknown Nurses were nurses employed by St. Louis County working in the Justice Center.  They are sued in their individual capacities only.

7.      At all times relevant herein, Defendants were acting under color of state law.

2

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

8.      Defendant St. Louis County Department of Justice Services (hereinafter "Department of Justice Services") is a public governmental body as defined by the Missouri Sunshine Law, § 610.010, R.S.Mo.  See also, Missouri Const., Art. IV, § 12; Chapter 27 of the Missouri Revised Statutes.

9.      Jurisdiction is proper in this Court as more factually set forth herein.

10.      Venue is proper pursuant to RSMo §§ 508.010 and 508.060, in St. Louis County, Missouri as the county where Plaintiff was first injured by the wrongful acts and/or negligent conduct of Defendants alleged herein and/or as the circuit court in which Defendant St. Louis County is situated.

**Facts Common to All Counts**

11.      Plaintiff Angela Malcich is the only individual within the class prescribed by R.S.Mo. § 537.080(1).

12.      Stout was incarcerated in the Justice Center, a jail located in St. Louis County, from June 3, 2019 to June 11, 2019.  He was transferred to the Eastern Reception, Diagnostic & Correctional Center ("ERDCC") at Bonne Terre, a prison within the Missouri Department of Corrections, on June 11, 2019.

13.      Stout died on June 11, 2019, less than one hour after being transferred from the Justice Center to ERDCC.

14.      Upon information and belief, at the time of his death Stout had not had a bowel movement in 8 days.  He notified staff of his medical situation and the nursing staff only gave him medication for constipation.

15.      A few hours before his transportation to ERDCC, Stout repeatedly asked to see the nurse.  Upon information and belief, he was told he would have to wait until morning to see the

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

nurse.  The following morning, June 11, 2019, he was not provided medical care or treatment before he was put in a transport vehicle and taken on the hour-long trip to ERDCC.

16.     Prior to being transported to ERDCC Stout vomited numerous times and complained of ongoing stomach pains.  One corrections officer noted that his vomit resembled "motor oil."

17.     Even though Stout had been vomiting before he was put in the transport van, he was not permitted to see a nurse before he was transported.

18.     Upon information and belief, by the time Stout arrived at ERDCC he was vomiting coagulated blood and emergency responders were called to the prison.  By the time they arrived, Stout was already dead.

19.     On June 12, 2019, Dr. Russell D. Deidiker performed an autopsy on Stout, which determined Stout's cause of death was peritonitis due to a perforated duodenal ulcer.

20.     St. Louis County has repeatedly and deliberately violated inmates' constitutional rights through a custom and practice of failing to provide for the medical needs of inmates both before and after Stout's death.  Before Stout's death on June 11, 2019, 3 inmates died as a result of this failure:

        a.      On or about January 18, 2019, Larry "Jay" Reavis[1] ("Reavis") died after one or more county employees failed to provide medical care, knowing he was detoxing and had tremors, paroxysmal sweats, anxiety, agitation, headaches, diarrhea, nausea, and vomiting.  Even after it was reported to a guard that Reavis may have had a seizure, and he was seen shaking so badly that he could not hold a cup, he was not provided medical care until he was found unresponsive in his cell and already in rigor mortis.

---

[1] Reavis v. St. Louis County, et al, 4:19-cv-02916

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

b.      On or about February 23, 2019, John M. Shy ("Shy") bled to death from an intestinal hemorrhage, despite two nurses witnessing him lying in blood and groaning for at least 15 minutes before anyone entered his cell. He was reported to have been screaming from his cell for about seven hours before he died, with one staffer stating if Shy "don't be quiet," he would be put in a restraint chair, essentially punishing him instead of treating his medical condition.  The call button Shy could use to ask for help had been muted by jail staff.

c.      On or about March 1, 2019, Lamar Catchings ("Catchings") died from treatable leukemia because he did not receive appropriate medical treatment.  About two weeks before he died, Catchings stopped eating and complained of hearing loss.  A week before he died, he was so weak he wasn't able to walk out of court and needed a wheelchair. Even after two preventable deaths, Catchings died just days after a jail staffer, believed to be a nurse, accused him of "f---ing faking."

21.     After four deaths involving the Justice Center, to include Stout, Jo'Von Mitchell ("Mitchell") died on December 27, 2019.  Before being transported to the hospital, he was unable to get off the floor to visit a family member, was having trouble walking, and complaining of pain, which was ignored by Justice Center staff.  A correctional officer took the time to complete his rounds after finding Mitchell unresponsive in his cell.  He then falsified his report to make it look as if he responded immediately to Michell's health emergency, when he did not.

22.     An internal report related to these deaths shows that Justice Center staff "recalled all [deceased inmates] acting strangely shortly before they died and in most cases asked for medical assistance that they didn't receive."

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

23.     Upon information and belief, St. Louis County has a custom and practice of retaining Justice Center staff who pose a threat to inmates.  Upon information and belief, a corrections officer who beat an inmate was not immediately terminated but instead reassigned to the infirmary and was working there at the time of Shy's death.

24.     Defendants conduct was wanton, willful, and showed a deliberate indifference to Stout's constitutional rights.

25.     Defendants had actual knowledge of a substantial risk that the Stout would suffer infection and ultimately serious illness or death from his medical condition and disregarded that risk by intentionally refusing and/or intentionally failing to take reasonable measures to treat his medical condition/problem.

26.     Defendants individually and in concert with one another as a result of the customs, usages, and/or practices of Defendant St. Louis County fostered an environment which led to the deliberate indifference to Stout's serious medical needs in contravention of his civil rights.

27.     As a direct and proximate result of Defendants acts and/or omissions as set forth herein, Stout died, resulting in Plaintiff's loss of her son.

28.     As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff has damages as follows: damages that decedent Stout suffered between the time of his incarceration to the time of his death, and for the recovery of which the decedent might have maintained an action had death not ensued; pecuniary loss suffered by reason of the death of Stout; funeral expenses; and the reasonable value of the services, consortium, companionship, comfort, and support of Stout of which Plaintiff has been deprived by reason of his death.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

**Count I (Individual Defendants):**
**Eighth and Fourteenth Amendment Violation for Deprivation of Medical Care**
**Cognizable under 42 U.S.C. § 1983**

For Count I of Plaintiff's cause of action against the individual Defendants, Plaintiff

states as follows:

29.     Plaintiff incorporates by reference, as if fully set forth herein, the preceding

paragraphs of this Complaint.

30.     Stout had a serious need for medical treatment for his perforated duodenal ulcer.

31.     Defendants were aware of Plaintiff's serious need for medical care because he had

not had a bowel movement in 8 days, repeatedly asked to see the nurse, and was vomiting before

he was put in the transport van.

32.     Stout's medical need was so obvious that even a layperson would recognize the

need for medical care/a doctor's attention, but Defendants refused to provide Stout with medical

care/treatment, even when he asked to see the nurse.

33.     Defendants had actual knowledge of a substantial risk that the plaintiff would suffer

infection and ultimately serious illness of death from his medical condition and disregarded that

risk by intentionally refusing and/or intentionally failing to take reasonable measures to treat

his medical condition/problem.

35.     Following the three inmate deaths and prior to Stout's death, Defendant Doyle was

made acting director of the Justice Center on or about April 22, 2019.

36.     Defendant Doyle failed to adequately investigate or act upon the deaths of the other

inmates denied medical care after he was made acting director of the Justice Center when he had

actual notice of the pattern of unconstitutional acts committed by subordinates and  demonstrated

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

deliberate indifference to or tacit authorization of the constitutional deprivations by allowing them to continue, resulting in Stout's death.

37.     Defendant Doyle failed to take sufficient remedial action to prevent further deaths, to include Stout's.

38.     Defendant Doyle failed to properly supervise and train subordinates to report serious medical needs to the Justice Center's medical staff so as to prevent serious medical conditions and/or death.

39.     Defendant Doyle's failures were the proximate cause of Stout's death.

40.     At all times relevant herein, Defendants acted under color of state law.

41.     As a direct and proximate result of the acts and/or omissions of Defendants set forth above, decedent Daniel Stout suffered great personal injury, pain and suffering, and mental anguish prior to his death.  As a direct and proximate result of the Defendants' deliberate indifference to the serious medical needs of Plaintiff's decedent, Stout was forced to suffer the following severe, permanent, and devastating injuries: he was caused to suffer a deterioration of his condition, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death.  Additionally, Defendants' deliberate indifference to the serious medical needs of decedent Stout worsened and exacerbated his condition, causing him great physical pain and mental anguish.

42.     As a direct and proximate result of the deliberate indifference to the serious medical needs of Plaintiff's decedent, Stout, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, support, love, and affection.

43.     As a direct and proximate result of the Defendants' deliberate indifference to

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

decedent Stout's serious medical needs, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

44.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a deliberate indifference to Stout's constitutional rights as set forth above, justifying an award of punitive damages against them in their individual capacities so as to punish them and to deter them and others from engaging in similar misconduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against the individual Defendants and thereafter:

A.     Award Plaintiff compensatory damages and damages for aggravating circumstances against these Defendants in excess of $25,000;

B.     Award Plaintiff punitive damages;

C.     Award Plaintiff reasonable attorneys' fees and costs; and

D.     Allow such other relief as the Court deems just and proper.

### COUNT II (Defendants County and Doyle):
### Municipal Custom and/or Failure to Instruct, Train, Supervise, Control and/or Discipline Under 42 U.S.C. § 1983

For Count II of Plaintiff's cause of action against Defendants County and Doyle, Plaintiff states as follows:

45.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

46.     Stout's constitutional rights were violated as described in detail above.

47.     There exists within the Justice Center and/or the County widespread customs, practices and usages that are so pervasive that they constitute the policies of Defendants County and Doyle, which caused the constitutional deprivation set forth above, including, but not limited to:

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

    a.     Ignoring the serious medical needs of Justice Center inmates;

    b.     Failing to inform medical personnel when an inmate reports a serious medical condition to correction officers or requests medical treatment to ensure that the inmate receives care before it is too late;

    c.     Upon information and belief, failing to provide nursing care during night hours and/or to properly and adequately staff the Justice Center with medical staff to meet the medical needs of inmates;

    d.     Medical staff failing to respond to serious medical needs and/or medical emergencies;

    e.     Ignoring the policies and procedures of the County/Justice Department by encouraging and/or permitting correction officers to ignore serious medical conditions until it is too late to treat them; and

    f.     Failing to adequately train, supervise, control, and/or discipline correction officers and medical staff concerning the practices described above to assure compliance with County and/or Justice Center policy and the Constitution of the United States.

48.    Alternatively, but without waiver of the foregoing, the County's training program was inadequate to train its officers to properly handle the reoccurring situation of inmates' serious medical needs, to include but not necessarily be limited to failing to train correction officers that they are required to report inmate's medical problems/concerns and/or inmate conduct/behaviors that would demonstrate a need for medical care to the medical staff and/or failing to train the medical staff that they must respond to medical issues in a timely fashion.

49.    Defendants failure to train in these respects evidenced a deliberate indifference to the rights of others, to include not only Stout but the other inmates who died in 2019.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

50.     The deficiencies in Defendants' training procedures actually caused Stout's constitutional injuries described above.

51.     Additionally, but without waiver of the foregoing, the County, Doyle and/or others failed to supervise, control, and/or discipline corrections officers and medical personnel in the Justice Center when they engaged in constitutional violations like those set forth above, such that they demonstrated a deliberate indifference to or tacit authorization of such acts on the part of the Justice Center.

52.     Defendants County and Doyle knew about the conduct at issue herein and facilitated it, approved it, condoned it, or turned a blind eye to it for fear of what they might see.

53.     The acts of these Defendants were taken under color of state law.

54.     Defendants' failures set forth herein were deliberately indifferent to the rights of inmates, including Stout.

55.     As a direct and proximate result of the acts and/or omissions set forth above, decedent Daniel Stout suffered great personal injury, pain and suffering and mental anguish prior to his death.  Plaintiffs' decedent, Stout was forced to suffer the following severe, permanent, and devastating injuries: he was caused to suffer a deterioration of his condition, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death. Defendants' deliberate indifference to the serious medical needs of decedent Stout worsened and exacerbated decedent's condition, causing him great physical pain and mental anguish.

56.     As a direct and proximate result of the acts and/or omissions of these Defendants, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, support, love, and affection.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

57.     As a direct and proximate result of these Defendants' acts and/or omissions, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

58.     The conduct of Defendant Doyle as set forth herein was wanton, willful, and showed a deliberate indifference to Stout's constitutional rights as set forth above, justifying an award of punitive damages against him in his individual capacity so as to punish him and to deter him and others from engaging in similar misconduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants County and Doyle and thereafter:

A.     Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants in excess of $25,000;

B.     Award Plaintiff punitive damages against Defendant Doyle;

C.     Award Plaintiff reasonable attorneys' fees and costs; and

D.     Allow such other relief as the Court deems just and proper.

**COUNT III (Individual Defendants)**
**Civil Conspiracy**

For Count III of Plaintiff's cause of action against the individual Defendants, Plaintiff states as follows:

59.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

60.     Defendants, acting under color of state law, conspired together and amongst themselves and upon information and belief with others both inside and outside the County's employment, to deprive Stout of his constitutional rights and/or protect each other from liability.

61.     Defendants shared the general conspiratorial objective which was to deprive Stout of his constitutional rights as set forth above and/or insulate themselves from liability.

12

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

62.     Defendants furthered the conspiracy by deliberately ignoring Stout's serious medical need, refusing him medical treatment, and/or covering up this misconduct after it occurred to avoid its consequences.

63.     As a direct and proximate result of this conspiracy, Stout's constitutional rights were violated and he suffered great personal injury, pain and suffering and mental anguish prior to his death.  As a direct and proximate result of the Defendants' conspiracy Plaintiffs' decedent, Stout was forced to suffer the following severe, permanent, and devastating injuries: Stout was caused to suffer a deterioration of his condition, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death.

64.     As a direct and proximate result of the conspiracy alleged herein, Plaintiff has been deprived of Stout's valuable services, companionship, comfort, consortium, support, love, and affection.

65.     As a direct and proximate result of the conspiracy alleged herein Stout lost his life, and with it the loss of future income and enjoyment of life.

66.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a deliberate indifference to Stout's constitutional rights as set forth above, justifying an award of punitive damages against them in their individual capacities so as to punish them and to deter them and others from engaging in similar misconduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A.     Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants in excess of $25,000;

B.     Award Plaintiff punitive damages;

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

C.      Award Plaintiff reasonable attorneys' fees and costs; and

D.      Allow such other relief as the Court deems just and proper.

### COUNT IV (against Individual Defendants):
### Negligence *Per Se*
### *Violation of R.S. Mo. § 221.120*

For Count IV of Plaintiff's cause of action against the individual Defendants, Plaintiff

states as follows:

67.     Plaintiff hereby incorporates by reference the allegations made in each preceding

paragraph as if each were set forth herein.

68.     At all times relevant herein, Section 221.120.1 R.S.Mo. stated that, "[i]f any

prisoner confined to the county jail is sick and in the judgment of the jailer, requires the attention

of a physician, dental care, or medicine, the jailer shall procure the necessary medicine, dental care

or medical attention necessary or proper to maintain the health of the prisoner."

69.     Between June 3, 2019 and June 11, 2019, Stout was a detainee and inmate at the

Justice Center, and was under the care, custody, and control of Defendants.  At some point during

this time, Stout was in serious need of medical care, a fact which Defendants knew but failed to

provide.

70.     Defendants violated R.S.Mo. §221.120 with regard to the rights of inmates to

receive necessary and proper medical attention when they refused to provide Stout with the

medical care he requested and needed.

71.      By enacting §221.120 R.S.Mo., the Missouri legislature intended to protect a class

of persons, jail inmates, through the requirement that they be provided necessary medical

care/attention.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

72.     In committing the acts complained of herein, Defendants acted in violation of the duty of care required of them by § 221.120 R.S.Mo., and therefore, in violation of said statute.

73.     Upon information and belief, Defendant Doyle was the highest ranking official, had direct management and supervision over the jail staff, and was responsible for ensuring compliance with the laws of the State of Missouri with respect to the jail.

74.     Defendants St. Louis County and Doyle implicitly or explicitly adopted customs, practices, and/or usages that allowed correction officers to violate the law of the State of Missouri by failing to procure medical care necessary and proper to maintain the health of prisoners, to include but not be limited to Stout, when judgment showed these inmates required the attention of a physician or medical care.

75.     As a direct and proximate result of the violation of § 221.120 set forth above, decedent Daniel Stout suffered great personal injury, pain and suffering and mental anguish prior to his death.  As a direct and proximate result of the Defendants' violation of §221.120, Stout suffered the following severe, permanent, and devastating injuries: Stout was caused to suffer a deterioration of his condition, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death.  Defendants' violation of §221.120 worsened and exacerbated decedent Stout's condition, causing him great physical pain and mental anguish.

76.     As a direct and proximate result of the violation of §221.120, Plaintiff has been deprived of decedent Stout's valuable services, companionship, comfort, consortium, support, love, and affection.

77.     As a direct and proximate result of the Defendants' violation of §221.120, decedent Stout suffered the loss of life, and with it the loss of future income and enjoyment of life.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

78.     The conduct of Defendants as set forth above showed complete indifference to or a conscious disregard for the safety of others such that punitive damages are warranted to deter similar misconduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A.     Award Plaintiff compensatory damages against Defendants in excess of $25,000;

B.     Award Plaintiff punitive damages;

C.     Award Plaintiff reasonable attorneys' fees and costs; and

D.     Allow such other relief as the Court deems just and proper.

## COUNT V (against Individual Defendants)
## Wrongful Death

For Count V of Plaintiff's cause of action against the individual Defendants, Plaintiff states as follows:

79.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

80.     Defendants owed a duty to ensure the safety of inmates and detainees of the Justice Center, specifically Stout.  This duty included the duty to report the need for and provide adequate medical care.

81.     Defendants breached their duty of care by acts or omissions that included but were not necessarily limited to failing to: provide adequate medical care, properly assess and examine Stout; properly monitor Stout, and/or provide medical care to Stout when he was obviously ill and requested to see the nurse.

Electronically Filed - St. Louis County - June 11, 2020 - 04:53 PM

82.     Defendants breach of their duty of care was the cause in fact and proximate cause of Stout's death.

83.     Stout suffered damages to include but not be limited to physical and mental pain and loss of future income as a direct and proximate result of the Defendants' breach of their duty of care.

84.     Plaintiff is entitled to recover fair and reasonable damages against Defendants as provided for in § 537.080 R.S.Mo. for the wrongful injuries to and the wrongful death of Stout, including special damages for his funeral and burial.

85.     Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, support, love, and affection as a result of Stout's death.

86.     The conduct of the Defendants as set forth herein was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commensurate with the wrongful acts.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages in a fair and reasonable sum in excess of $25,000.00, their costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the court.

<div align="center">

**COUNT VI**
**Violation of the Missouri Sunshine Law**
**(Against St. Louis County and/r St. Louis County Department of Justice Services)**
*Failure to produce documents responsive to Sunshine Request*

</div>

For Count VI of Plaintiff's cause of action against Defendants St. Louis County and/or St. Louis County Department of Justice Services, Plaintiff states as follows:

87.     Shortly after Stout's death, Plaintiff, by and through her attorneys, served a Sunshine Law request upon Defendant Doyle, Custodian of Records for the St. Louis Department of Justice Services, on or about June 20, 2019.  It sought a variety of general and

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

special information relating to the operations of the St. Louis County Justice Center and jail operations.  *See attached Exhibit 1.*

88.     Neither Defendant Doyle, nor Department of Justice Services, replied to Plaintiff's attorney's Sunshine Law request.

89.     Missouri's Sunshine Law provides that "all public records of public governmental bodies … be open to the public for inspection and copying," §610.011.1-2, R.S.Mo, and that its provisions in favor of disclosure "be liberally construed and [its] exceptions strictly construed to promote this public policy."  § 610.011.1

90.     Plaintiff served twenty-four requests for records on Defendant Doyle and the Department of Justice Services for records as mundane as "St. Louis County Jail budgets for the past three years." See Exhibit 1, Request No. 22.

91.     Plaintiff's first request asked for "bids, contracts, and invoices for the past three years between St. Louis County and/or St. Louis County Justice Center and any medical service provider to the St. Louis County Jail, including but not limited to hospitals, doctors, nurses, ambulance, transportation, and physician assistants."  See Exhibit 1, Request No. 1.

92.     By way of further example, Request No. 4 sought "All records showing the daily or weekly inmate population over the past twelve months."  See Exhibit 1.

93.     Defendant Doyle and the Department of Justice Services failed to respond to any of Plaintiff's requests.

94.     Plaintiff requested "public records of [a] public governmental bod[y]" that are required by law to be made "open to the public for inspection and copying."  § 610.011.2, R.S.Mo.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

95.     Defendants Doyle and Department of Justice Services failed to produce any of the requested records.

96.     Plaintiff's requests are subject to disclosure under the Sunshine Law as "public records," because they are "retained by or of [a] public governmental body," which includes the Department of Justice Services, §610.010.6, R.S.Mo., and they are not protected from disclosure by any lawful exemption.

97.     The Sunshine Law provides that "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law," and that "all public records of public governmental bodies … be open to the public for inspection and copying."  § 610.011.1-2, R.S.Mo.

98.     The Sunshine Law requires that its provisions in favor of disclosure "be liberally construed and their exceptions strictly construed to promote this public policy."  § 610.011.1, R.S.Mo. For example, "[i]f a public record contains material which is not exempt from disclosure as well as material which is exempt from disclosure, the public governmental body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying."  §610.024.1, R.S.Mo.

99.     The Sunshine Law authorizes the recovery of attorneys' fees and costs when a public governmental body knowingly violates its provisions, § 610.027.3, R.S.Mo., and mandates such recovery for purposeful violations of the law.  § 610.027.4, R.S.Mo.

100.    The Sunshine Law authorizes the Court to impose a civil penalty if the Court finds that the public governmental body knowingly or purposely violated sections 610.010 to 610.026, R.S.Mo. §§ 610.027.3, 610.027.4,  R.S.Mo.

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

101.    The Department of Justice Services/ St. Louis County purposely violated the Sunshine Law by failing to produce any records to Plaintiff in response to the Sunshine Request.

102.    Alternatively, but without waiver of the foregoing, the Department of Justice Services/ St. Louis County knowingly violated the Sunshine Law by failing to produce any records to Plaintiff in response to the Sunshine Request.

103.    Defendant Department of Justice Services possesses documents responsive to the Sunshine Request, and records requested are clearly open records under the Sunshine law.

WHEREFORE, Plaintiff Angela Malcich respectfully requests that this Court enter judgment in her favor, declaring that records requested by her, through counsel, are open records under the Sunshine Law; finding the Department of Justice Services and/or St. Louis County purposefully, or at least knowingly violated the Sunshine Law; ordering the Department of Justice Services to permit Angela Malcich to inspect and copy records responsive to her Sunshine Law Request; and ordering the Department of Justice Services to pay Plaintiff's attorneys' fees and costs, along with a civil penalty and such other and further relief as the Court deems just and proper.

20

Electronically Filed - St Louis County - June 11, 2020 - 04:53 PM

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC


by:     /s/ J.C.  Pleban
        J.C. Pleban, MO Bar No. 63166
        jc@plebanlaw.com
        Lynette M. Petruska. MO Bar No. 41212
        lpetruska@plebanlaw.com
        C. John Pleban, MO Bar No. 24190
        cpleban@plebanlaw.com
        2010 S. Big Bend Blvd.
        St. Louis, MO 63117
        314-645-6666
        314-645-7376 (FAX)

        *Attorneys for Plaintiff*

**20SL-CC03340**

Electronically Filed - St Louis County - June 24, 2020 - 02:31 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ANGELA MALCICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | |
| ST. LOUIS COUNTY, MO, et al. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM TO CLERK**

The undersigned certifies that submitted herewith is the payment of $12.00, pursuant to the Clerk's note/minute entry this date, for the additional amount of the Sheriff Service filing fee.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**

By: _____/s/ J.C. Pleban_____
J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
Benjamin P. Kates, MO Bar No. 65557
bkates@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666 - Telephone
(314) 645-7376 – Facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of June, 2020, a true and accurate copy of the foregoing was sent via the Missouri E-filing System to all counsel of record.

_____/s/ J.C. Pleban_____



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KRISTINE A KERR | Case Number:  20SL-CC03340 |
| Plaintiff/Petitioner:<br>ANGELA MALCICH<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JONATHAN CORNWALL PLEBAN<br>2010 SOUTH BIG BEND BLVD<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br>ST. LOUIS COUNTY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Wrongful Death | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

SHERIFF FEE
PAID

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  ST. LOUIS COUNTY
Alias:

COUNTY CLERK
105 S. CENTRAL AVE.
CLAYTON, MO  63105

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>29-JUN-2020</u>
Date

_____ Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KRISTINE A KERR | Case Number:  20SL-CC03340 |
| Plaintiff/Petitioner:<br>ANGELA MALCICH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JONATHAN CORNWALL PLEBAN<br>2010 SOUTH BIG BEND BLVD<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br> ST. LOUIS COUNTY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES**
                           **Alias:**

**COUNTY CLERK**
**105 S. CENTRAL AVE.**
**CLAYTON, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>29-JUN-2020</u>
**Date**                                              _____ /Clerk

**Further Information:**
**LG**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____            _____
                                    Date                                                  Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-5761**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

*Return*  25

SB 7/29



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KRISTINE A KERR | Case Number: 20SL-CC03340 |
| Plaintiff/Petitioner:<br>ANGELA MALCICH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JONATHAN CORNWALL PLEBAN<br>2010 SOUTH BIG BEND BLVD<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br>ST. LOUIS COUNTY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | |

SHERIFF FEE
PAID

(Date File Stamp)

## Summons in Civil Case

**FILED**

**The State of Missouri to:**  ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES

**JUL 1 5 2020**

COUNTY CLERK
105 S. CENTRAL AVE.
CLAYTON, MO 63105

Alias:
~~35~~
BAILST w/ 122 RENEW

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-4829, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

29-JUN-2020
_____
Date

Further Information:
LG

_____
Clerk

JUL 02 2020

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Tim_ (name) _MGL_ (title).

☐ other _____

Served at _100  S CENTRAL_ (address)

in _STL_ (County/City of St. Louis), MO, on _7/7/20_ (date) at _9A_ (time).

_William Rinehart_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
Date                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $ _____ ( _____ miles @ $._____ per mile) | |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

7/6/20

2020 JUL -2    12:
ST LOUIS CO
SHERIFF



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>KRISTINE A KERR | Case Number:  20SL-CC03340 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANGELA MALCICH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JONATHAN CORNWALL PLEBAN<br>2010 SOUTH BIG BEND BLVD<br>ST LOUIS, MO 63117 | **SHERIFF FEE<br>PAID** |
| Defendant/Respondent:<br>ST. LOUIS COUNTY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Wrongful Death | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

**Summons in Civil Case**

The State of Missouri to:  ST. LOUIS COUNTY
Alias:

**FILED**

COUNTY CLERK
105 S. CENTRAL AVE.
CLAYTON, MO 63105

**JUL 15 2020**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-4029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

*ST. LOUIS COUNTY*

<u>29-JUN-2020</u>
Date

_____
Clerk

Further Information:
LG

**Sheriff's or Server's Return**

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
☐ other _____
Served at _____ 105 S CENTRAL _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                                        Date                                         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-5760**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ANGELA MALCICH,                    )
                                   )
                    Plaintiff,     )
                                   )     Cause No. 20SL-CC03340
        v.                         )
                                   )     Division No. 14
ST. LOUIS COUNTY, et al.           )
                                   )
                    Defendants.    )

### **ENTRY OF APPEARANCE**

COMES NOW, Catherine M. Robertson and hereby enters her appearance on behalf of
Defendants, St. Louis County and St. Louis County Department of Justice Services in the above-
styled matter.

Respectfully submitted,

BETH ORWICK
COUNTY COUNSELOR

By:     */s/ Catherine M. Robertson*
        Catherine M. Robertson #63200
        Associate County Counselor
        41 S. Central Avenue, 9th Floor
        Clayton, MO 63105
        (314) 615-7031 (direct)
        (314) 615-3732 (facsimile)
        crobertson@stlouisco.com

        *Attorney for Defendants*
        *St. Louis County and St. Louis County*
        *Department of Justice Services*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 6th day of August, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<div align="right"><em><u>/s/ Catherine M. Robertson</u></em></div>