IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MALCICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-01030-AGF |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case asserts claims related to the death of Daniel Stout. Currently before the Court is the motion of Defendants Troy Doyle, Alexis Woods, Michelle Wright-Berry, Brian Mitchell, Nathaniel Mellenthin (collectively the "Moving Defendants") to dismiss Count IV of the First Amended Complaint. Count IV alleges negligence *per se* against the Moving Defendants, Connie Heitman, Janet Duwe, and Robert Adams (collectively the "Individual Defendants") for their violation of REV. STAT. MO. § 221.120. (Doc. No. 41). Plaintiff Angela Malcich raises a number of claims related to the death of her son Daniel Stout. Stout died shortly after he was transferred from the Buzz Westfall Justice Center ("Justice Center") to the Eastern Reception, Diagnostic & Correctional Center ("ERDCC") of peritonitis due to a perforated duodenal ulcer. For the reasons set forth below, the Moving Defendants' motion will be granted.

## **BACKGROUND**

Taken as true for the purpose of this motion, Plaintiff alleges the following facts. Daniel Stout was incarcerated at the Justice Center, in St. Louis County, between June 3,

2019 and June 11, 2019.  On June 11, 2019, Stout was transferred to ERDCC, located in Bonne Terre, Missouri, approximately one hour south of St. Louis.  Stout informed staff at the Justice Center that he had not had a bowel movement for eight days.  He repeatedly asked to see a nurse prior to his transfer but was told he would have to wait until he arrived at ERDCC to receive medical care.  Stout vomited numerous times leading up to the transfer.  One Justice Center employee noted Stout's vomit looked similar to "motor oil."  (Doc. No. 1-1 at ¶ 15).  Stout died shortly after reaching ERDCC.

Plaintiff claims the Individual Defendants knew Stout was in serious need of medical care, which they failed to provide.  *Id*. at ¶ 67.  She further alleges the Individual Defendants' conduct was wanton and willful, *id.* at ¶ 23, and "showed complete indifference to or a conscious disregard for the safety of others…."  *Id*. at ¶ 76.  Plaintiff claims the Individual Defendants have a history of denying medical care to inmates at the Justice Center and points to four additional men incarcerated at the Justice Center who died after they were denied medical care within a year of Stout's death.  *Id*. at ¶¶ 19-20.

In Count I, Plaintiff asserts a claim against the Individual Defendants under 42 U.S.C. § 1983 for deprivation of medical care in violation of the Eighth and Fourteenth Amendments of the Constitution.  In Count II, Plaintiff asserts a claim against Defendants St. Louis County and Doyle under § 1983 based on municipal custom or for failure to train and supervise.  In Count III, Plaintiff asserts a state law claim against the Individual Defendants for civil conspiracy.  And in Count IV, Plaintiff asserts a claim of negligence *per se* against the Individual Defendants.

The Moving Defendants argue that a claim for negligence *per se* may not be premised upon a violation of § 221.120, and as such Count IV must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  In their reply brief, the Moving Defendants also assert they would be protected from any such claim by official immunity or the public duty doctrine.  Plaintiff opposes the motion.

## DISCUSSION

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Failure to state a claim for negligence *per se***

"Negligence per se arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct." *Lowdermilk v. Vescovo Bldg. and Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (internal citations and quotation marks omitted).  When the legislature has done so, "the court then adopts the statutory standard of care to define the standard of conduct of the reasonable person." *Id.*  (citing Restatement Torts (Second) §§ 286, 288 (1965)).  Where negligence *per se* is applicable, "the jury is instructed on the

3

statutory standard of care rather than the care of the reasonable person." *Id*. (citing *Egenreither v. Carter*, 23 S.W.3d 641, 643–45 (Mo. Ct. App. 2000)).

The four requirements necessary to establish a claim for negligence *per se* are:

> 1) a violation of a statute or ordinance; 2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance must be the proximate cause of the injury.

*Lowdermilk*, 91 S.W.3d at 628 (quoting *Bus. Men's Assur. Co. v. Graham*, 891 S.W.2d 438, 455 (Mo. Ct. App. 1994)).

The Moving Defendants claim § 221.120 does not impose an obligation on jailers to provide medical care, and as such Plaintiff cannot raise a claim for negligence *per se*. Section 221.120 reads, in relevant part:

> If any prisoner confined in the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care, or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner. The costs of such medicine, dental care, or medical attention shall be paid by the prisoner through any health insurance policy as defined in subsection 3 of this section, from which the prisoner is eligible to receive benefits. If the prisoner is not eligible for such health insurance benefits then the prisoner shall be liable for the payment of such medical attention, dental care, or medicine, and the assets of such prisoner may be subject to levy and execution under court order to satisfy such expenses in accordance with the provisions of section 221.070, and any other applicable law.

The Moving Defendants claim the purpose of the statute is not to establish that jailers have a duty to provide medical care to inmates. Instead, they argue the purpose is "to help jails defray the costs of providing medical care by shifting the financial burden to the detainee's private health insurance provider or, if lacking insurance, to the

4

detainee." *Hammer v. Stevens*, No. 1:07-CV-16-CAS, 2007 WL 1565933, at *3 (E.D. Mo. May 29, 2007). The Moving Defendants further argue the statute is not one on which negligence *per se* may be premised because the language requires jailers to exercise their discretion: a jailer shall procure medical care if an inmate "is sick and in the judgment of the jailer, requires the attention of a physician, dental care, or medicine…." § 221.120. Plaintiff responds that the statute both obligates jailers to provide medical care and shifts the financial burden of that care to detainees. As such, she argues that she may bring a claim for negligence *per se* based on the violation of the duty to provide medical care.

The Missouri courts have recognized that healthcare providers and prison officials have a duty under Missouri law to provide medical care to inmates and may be liable for negligently performing that duty. *See*, *e.g., Geiger v. Bowersox*, 974 S.W.2d 513, 516–17 (Mo. Ct. App. 1998) (inmate sufficiently plead negligence claim against prison nurse when he became ill after ingesting medication contaminated with floor wax); *Cooper v. Bowers*, 706 S.W.2d 542, (Mo. Ct. App. 1986) (inmate's medical malpractice claims against Chief Medical Officer for discontinuing his medication is not barred by official immunity); *Bishop v. Cir. Ct. of Cole Cty.*, 702 S.W.2d 554, 557 (Mo. Ct. App. 1985) (inmate's negligence claim against Chief Medical Officer of the Missouri State Penitentiary for failing to provide him medication was allowed to proceed); *Davis v. Buchanan Cty. Missouri*, No. 5:17-CV-06058-NKL, 2020 WL 1527164, at *5 (W.D. Mo. Mar. 30, 2020) (survivors of inmate who died after he allegedly received inadequate medical treatment may bring a negligence claim against the Buchanan County Sheriff,

5

the Captain, and Sheriff's deputies).

The Missouri courts have also recognized that § 221.120 imposes a duty on jailers to provide medical care. In *Miller v. Owsley*, the Missouri Supreme Court determined a jailer "has certain duties relative to medical attention for prisoners imposed by § 221.120," and allowed prisoners to sue for alleged violations of those duties. 422 S.W.2d 39, 44 (Mo. 1967).[1] However, the case was remanded on the basis of a cause of action for breach of the official bond rather than a negligence cause of action. This Court has also recognized "Section 221.120 provides that if any prisoner is in need of medical care, the jailer, who acts on behalf of the Sheriff, shall procure such care." *Jones v. Houser*, 489 F. Supp. 795, 798 (E.D. Mo. 1980). Thus "[t]he responsibility of providing medical treatment rests with the Sheriff." *Id*.

However, it does not follow that § 221.120 is a statute "on which negligence per se may be premised." *Lowdermilk*, 91 S.W.3d at 628. In determining whether the statute at issue may be the basis of negligence *per se*, a court must consider "legislative intent,"

---

[1] Section 221.120 was amended in 1995, after the Missouri Supreme Court decided *Miller*. The previous version stated:

> In case any prisoner confined in the jail be sick, and, in the judgment of the jailer, needs a physician or medicine, said jailer shall procure the necessary medicine or medical attention, the costs of which shall be taxed and paid as other costs in criminal cases; or the county commission may, in their discretion, employ a physician by the year, to attend said prisoners, and make such reasonable charge for his service and medicine, when required, to be taxed and collected as aforesaid.

MO. ANN. STAT. §221.120 (West 1994). The language relevant here—that the "jailer shall procure the necessary medicine" if a prisoner requires medical attention "in the judgment of the jailer"—remains. *Id*.

6

and determine whether the statute was "intended to replace the standard of care in a negligence action." *Id.* at 629. Where a statute "does not indicate specific conduct that constitutes a violation, and does not set out a statutory standard of care," it cannot be the basis of a negligence *per se* claim. *Whittaker v. CRST Malone, Inc.*, No. 4:18-CV-1048-HEA, 2019 WL 931966, at *1 (E.D. Mo. Feb. 26, 2019).

In *Cisco v. Mullikin*, this Court found traffic statutes requiring drivers to "drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and [] exercise the highest degree of care" and to "observe and comply with the following rules of the road" do not create a statutory standard of care because they do not indicate specific conduct that violates the statute. *Cisco v. Mullikin*, No. 4:11-CV-295-RWS, 2012 WL 549504, at *2 (E.D. Mo. Feb. 21, 2012). Likewise, this Court concluded a statute providing, among other things, that no person shall "intentionally cause the loss of any crop" is not the basis for a negligence *per se* claim because the statute does "not dictate what a reasonable person would do…." *In re Genetically Modified Rice Litig.*, 666 F. Supp. 2d 1004, 1023 (E.D. Mo. 2009). On the other hand, a statutory provision prohibiting driving on the left side of the road may provide the basis for a negligence *per se* claim because it indicates conduct that is prohibited. *Cisco*, 2012 WL 549504 at *2.

Section 221.120 fails to establish specific conduct that violates the statute. Instead, it states that a jailer must procure medical care when an inmate "is sick and in the judgment of the jailer" requires such care. § 221.120. Because the determination of when an inmate requires care is left to the judgment of the jailer, the statute does not

7

indicate conduct that constitutes a violation. Inasmuch as § 221.120 cannot be the basis of a negligence *per se* claim, Count IV will be dismissed.

In their reply brief, Defendants also assert, for the first time, that Count IV must also be dismissed because they are public employees entitled to official immunity or the claim is barred by the public duty doctrine.[2] In light of this Court's ruling, it is unnecessary for the Court to address these arguments. In any event, the Court declines to address new arguments raised for the first time in a reply brief. *Mary Bayes, et al. v. Biomet, Inc., et al.*, Case No. 4:13-CV-00800-SRC, 2020 WL 10692605, at *3 (E.D. Mo., Nov. 16, 2020) (citing *Fish v. United States*, 748 Fed. App'x 91, 92 n.2 (8th Cir. 2019) (noting reply brief is "too late to properly raise a new issue before the district court")).

Accordingly,

The Moving Defendants' Motion to Dismiss Count IV is **GRANTED**. (Doc. No. 41).

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August 2021.

---

[2] The Moving Defendants also note that St. Louis County is entitled to sovereign immunity on this claim. Plaintiffs did not plead Count IV against St. Louis County.