# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MALCICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:20-cv-01030-AFG |
| | ) | |
| ST. LOUIS COUNTY, et. al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SAINT LOUIS COUNTY'S MOTION TO STAY AND QUASH THE NOTICE OF DEPOSITION OF DR. SAM PAGE AND SPRING SCHMIDT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendant St. Louis County, by and through the undersigned counsel, and hereby moves the Court stay and quash Plaintiff's Notice of Deposition of Dr. Sam Page Spring Schmidt, or in the alternative, moves for a protective order limiting the scope, specifying the terms, and forbidding inquiry into certain privileged and/or irrelevant matters and for any such further relief as the Court deems just and proper.

In support of this Motion, counsel for Defendants states as follows:

1. Plaintiff has provided counsel for Defendants with a Notice of Deposition [attached hereto as Exhibit A] which proposes to depose Dr. Sam Page, the County Executive of St. Louis County, and Spring Schmidt, a Deputy Director of the Department of Health.

2. The Notice proposes to depose Dr. Page and Ms. Schmidt on August 31, 2021. This date, however, is an arbitrary date as Plaintiff's and Defendant's counsel discussed the possibility of scheduling these depositions, at which time Defendant's objection to the depositions was raised. Plaintiff in turn provided the Notice as a procedural means to bring this matter before the Court.

3. Defendant moves the depositions of Dr. Sam Page and Spring Schmidt be stayed until such time as this Court can rule on this motion.

4. Defendant objects to the deposition of Dr. Page and Ms. Schmidt because neither were personally involved in any events allegedly leading to the death of Plaintiff's decedent and because Plaintiff has not sought less intrusive means to obtain the information she seeks through other discovery tools such as interrogatories or the depositions of corporate representatives or other employees.

5. Furthermore, Dr. Page and Ms. Schmidt are high ranking officials of St. Louis County with greater duties and time constraints that ordinary witnesses, particularly in light of the global pandemic, as such, their depositions should only occur in extraordinary circumstances. *In re United States (Holder),* 197 F.3d 310, 313-14 (8th Cir. 1999).

6. Federal Rule of Civil Procedure 26(c) provides that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery… [or] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

7. Proceeding with Dr. Page and Ms. Schmidt's depositions would cause annoyance, potential embarrassment, oppression, and undue burden and expense because Dr. Page and Ms. Schmidt were not personally involved in the events allegedly leading up to Plaintiff's decedent's death and because their depositions would likely violate certain privileges such as the deliberative process privilege. Fed. R. Civ. P. 26(c).

8. There is no logically or legally relevant basis upon which to support the depositions of Dr. Page and Ms. Schmidt. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matte, No. 2,* 197 F.3d 922, 925 (8th Cir. 1999). ([D]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action, see Fed.R.Civ.P. 26(b)(1)).

9. Defendant moves this Court quash the Notice of Deposition of Dr. Page and Ms. Schmidt, but should the Court find the depositions should proceed, Defendant moves in the alternative that the Court require Plaintiff to specify the terms upon which she seeks testimony and limit and forbid inquiry into any matter regarding any other lawsuit of which St. Louis County is a party, any matter which is attorney-client privileged or protected by the work-product doctrine, any matter which relates to the protected health information of any non-party, any matter relating to any peer-review privilege of any health care professional or peer-review committee, or any matter relating to the deliberative process privilege or legislative privilege of St. Louis County or its subparts.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Court stay and then quash the Notice of Deposition of Dr. Page and Ms. Schmidt or, in the alternative, enter a protective order limiting the scope, specifying the terms, and forbidding inquiry into certain privileged or irrelevant matters, and any such further relief as the Court deems just and proper.

Respectfully submitted,

>BETH ORWICK
>COUNTY COUNSELOR

By: */s/ Catherine M. Robertson*
>Catherine M. Robertson #63200MO
>Associate County Counselor
>Office of the County Counselor
>41 S. Central Avenue, 9th Floor
>Clayton, MO 63105
>(314) 615-7042
>(314) 615-7031 (direct)
>(314) 615-3732 (facsimile)
>crobertson@stlouisco.com

>*Attorney for Defendants St. Louis County, Alexis Woods, Brian Mitchell, Nathaniel Mellenthin, and Michelle Wright-Berry*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 30th day of August, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF filing system upon all counsel of record.

                                                        */s/ Catherine M. Robertson*