UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MALCICH,<br><br>Plaintiff,<br><br>v.<br><br>SAINT LOUIS COUNTY, et al.<br><br>Defendants. | Cause No. 4:20-CV-01030 |

### NURSE DEFENDANTS' EMERGENCY MOTION TO EXCLUDE REPORT AND OPINIONS OF PLAINTIFF'S EXPERT, DR. ROSS HELLER, OR IN THE ALTERNATIVE, TO COMPEL DR. HELLER'S DEPOSITION

COME NOW Defendants Connie Heitman, Janet Duwe, and Robert Adams, (hereinafter "Nurse Defendants"), by and through counsel, and request an emergency order from this Court excluding Plaintiff's expert report and opinions or, in the alternative, compelling Plaintiff's expert's deposition.

1. Section (I)(3)(b) of the Second Amended Case Management Order ("SACMO") in this case, which is the most recent CMO to be entered by the Court, provides, in relevant part: "Plaintiff … ***shall make*** expert witnesses available for depositions, and have depositions completed, no later than January 5, 2022. Doc. #: 75 (emphasis added by author).

2. Since entry of the SACMO on December 9, 2021, Plaintiff has not tendered, nor made available in any other way, his expert witness, Dr. Ross A. Heller, for deposition.

3. On January 26, 2022, Nurse Defendants' counsel requested that Plaintiff tender Dr. Heller for deposition, but Plaintiff's counsel refused, arguing that Nurse Defendants are not entitled to depose Dr. Heller because they did not request his deposition prior to the January 5, 2022 deadline in the SACMO. *See* Emails dated October 27, 2021, collectively attached hereto as

**Exhibit A** and incorporated herein by reference.

4. Under the plain language of the SACMO, Plaintiff was required to take action to make Dr. Heller available for deposition on or before January 5, 2022. *See* Doc. #: 75, § (I)(3)(b).

5. Not only was such action required, Plaintiff *knew* it was required. Pursuant to the prior CMO, which contained identical language regarding expert disclosures and depositions, Plaintiff tendered Dr. Heller for deposition independent of any request from Defendants. *See* Doc. #: 49, § (I)(3)(b); *see also* emails between Plaintiff's counsel and Nurse Defendants' counsel, dated October 4 and October 25, 2021, collectively attached hereto as **Exhibit B** and incorporated herein by reference.[1]

6. Thus, it was clearly Plaintiff's burden under the SACMO to make Dr. Heller available, not Nurse Defendants' burden to inquire as to Dr. Heller's availability, and the prior communications between the parties regarding Dr. Heller's deposition establish that Plaintiff clearly understood her burden. *See* Doc. #: 49, § (I)(3)(b); Doc. #: 75, § (I)(3)(b); **Exhibit B**.

7. Local Rule 5.04 grants this Court authority to impose "restrictions on the admissibility of certain evidence" due to Plaintiff's "[f]ailure to comply with the CMO[.]" *See* E.D.Mo. L.R. 5.04.

8. Alternatively, Federal Rule 37(a) grants this Court authority to provide relief to Nurse Defendants for Plaintiff's refusal to produce Dr. Heller for deposition. *See* FRCP R 37(a), Notes of Advisory Committee on 1970 Amendments.

9. In this context, and only as an alternative to exclusion of Dr. Heller's report and opinions, Nurse Defendants' counsel certifies that he has conferred with Plaintiff's counsel by telephone in good faith and has made reasonable and sincere efforts to resolve this dispute, but

---

[1] Nurse Defendants accepted the tender, but Dr. Heller's deposition was ultimately cancelled and the SACMO was entered. *See* **Exhibit B**.

counsel are unable to reach an accord.  *See* E.D.Mo. L.R. 3.04; **Exhibit A**.

10. Nurse Defendants will be immediately prejudiced if an expedited order is not entered because the SACMO requires Nurse Defendants to disclose their expert(s), disclose their expert report(s)[2], and make their expert(s) available for deposition by tomorrow, January 28, 2022. *See* Doc. #: 75, § I(3)(c).  Requiring Nurse Defendants to take such actions prior to Dr. Heller's deposition, and after Plaintiff's patent violation of the SACMO, would violate the language and purpose of the SACMO and place an undue burden on Nurse Defendants, prevent Nurse Defendants' experts from considering Dr. Heller's testimony when preparing his/her/their report(s)[3], and diminish Nurse Defendants' ability to cross-examine Dr. Heller at his eventual deposition by providing Dr. Heller notice of Nurse Defendants' expert(s)' opinions.

WHEREFORE, for the reasons stated herein, Nurse Defendants respectfully request that this Court enter an emergency order from this Court excluding Dr. Heller's expert report and opinions or, in the alternative, compelling Plaintiff to immediately produce Dr. Heller for deposition, and such other relief that this Honorable Court finds just and proper.

---

[2] Plaintiff did not agree to an extension for Nurse Defendants to disclose their expert reports to allow the Court to rule on this motion, but advised the Plaintiff would not move to strike Nurse Defendants' expert(s) if Nurse Defendants disclosed their expert reports by Tuesday, February 1, 2022.  *See* **Exhibit A**.  Contemporaneously with the filing of this motion, Nurse Defendants have/are filed/filing a Motion for Additional Time to Disclose Expert Reports.

[3] While not specifically relevant to the prejudice caused by Nurse Defendants inability to depose Dr. Heller prior to disclosure of their own expert witness(es)' identit(y/ies), report(s) and deposition availability, it is worth noting that ***Plaintiff also deposed two additional fact witnesses today***, at least one of which, upon information and belief, provided testimony regarding Nurse Defendants that their experts will not be able to review and consider in preparing his/her/their written reports.  *See* Pl.'s Not. of Deps., dated January 13, 2022, attached hereto as **Exhibit C** and incorporated herein by reference.

Respectfully submitted,

WIEDNER & McAULIFFE, LTD.

/s/ *Gregory D. DeBeer*
C. Zachary Vaughn, #56408
Gregory D. DeBeer, #62129
Wiedner & McAuliffe, Ltd.
101 S. Hanley, Suite 1450
St. Louis, Missouri 63105
Phone: 314-721-3400
Fax: 314-725-5755
czvaughn@wmlaw.com
gddebeer@wmlaw.com
*Attorney for Defendants Connie Heitman, Janet Duwe and Robert Adams*

## CERTIFICATE OF SERVICE

   The undersigned certifies that on January 27, 2022, a copy of the foregoing was served on all parties electronically via this Court's Electronic Filing System.

/s/ *Gregory D. DeBeer*