## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MALCICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:20-cv-01030-AGF |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Angela Malcich's motion to quash the deposition of her non-retained expert witness, Dr. Diediker, (Doc. No. 104), and her motion to expedite briefing on her motion to quash. (Doc. No. 103). Plaintiff previously filed a motion to quash Dr. Diediker's deposition. (Doc. No. 99). The Court denied the motion because Plaintiff's counsel did not attest that he had met and conferred with opposing counsel pursuant to Local Rule 3.04. (Doc. No. 102). Although the Nurse Defendants have not yet filed a response to the instant motion, they responded to the previous motion. (Doc. No. 100).

The Nurse Defendants noticed a deposition of Dr. Diediker for April 21, 2022. Plaintiff argues the motion should be quashed because the deadline to depose her expert witnesses was March 11, 2022. Plaintiff notes Defendants have repeatedly failed to meet deadlines in this matter, and the Court has previously extended the deadline to depose

Plaintiff's experts to accommodate Defendants' failure.

In their response to Plaintiff's prior motion to quash, the Nurse Defendants claim they did not set a timely deposition for Dr. Diediker because Plaintiff had stated he intended to depose the expert unless all the Defendants agreed to a stipulation as to decedent Daniel Stout's cause of death.  The Defendants decided against the stipulation and believed Plaintiff would proceed with a deposition.  Then, Plaintiff's counsel decided not to depose Dr. Diediker, so the Nurse Defendants noticed a deposition.

District courts are accorded wide discretion in dealing with discovery matters. *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)).  Upon review of the parties' motions, it appears that the Nurse Defendants did not notice a deposition of Dr. Diediker because they reasonably believed Plaintiff would schedule the deposition.  As such, the Court will allow the deposition to go forward.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to quash is **DENIED**.  (Doc. No. 104).

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite briefing is

**DENIED as moot**.  (Doc. No. 103).

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2022.