# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANGELA MALCICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:20-cv-01030-AGF |
| ST. LOUIS COUNTY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Angela Malcich's motion to compel production of certain documents from Defendant St. Louis County, (Doc. No. 83), and Plaintiff's supplemental motion to compel.  (Doc. No. 86).  Plaintiff asserts a variety of claims related to the death of her son, Daniel Stout.  Stout died shortly after he was transferred from the Buzz Westfall Justice Center ("Justice Center") to the Eastern Reception, Diagnostic & Correctional Center ("ERDCC") of peritonitis due to a perforated ulcer.

Plaintiff filed her initial motion to compel on January 27, 2022 and filed her supplement to that motion the next day.  St. Louis County filed no response.  On February 16, 2022, Plaintiff filed a further memorandum in support of her motion, noting Defendants' failure to respond, as well as Defendants' repeated failures to meet deadlines and requesting the Court order the documents be produced within five days of the Court's

order.  (Doc. No. 93).  Still Defendant filed no response.  In her initial motion to compel, Plaintiff requests the Court order St. Louis County to adequately respond to her First Requests for Production of Documents and produce information related to an investigation performed after Mr. Stout's death.  St. Louis County objected to several of Plaintiff's requests for production and provided some information related to certain requests, which Plaintiff claims is incomplete.  Plaintiff also requested certain emails.  Counsel for St. Louis County did not respond to the request.

On January 28, 2022, Plaintiff filed a supplement to her motion to compel, asking the Court to order St. Louis County to produce documents related to an internal affairs report into Mr. Stout's death: the emails regarding the report and documents that would identify when and by whom changes were made to the report.  Plaintiff states she requested these documents through her First Requests for Production but did not receive them.

St. Louis County has not responded and the time to do so has passed.  This is not the first time St. Louis County's counsel has failed to diligently litigate this matter.  Plaintiff filed a motion to compel on November 22, 2021 which Defendants—including St. Louis County—did not respond to.  (Doc. No. 69).  The Court ordered Defendants to show cause as to why the order should not be granted by December 16, 2021.  (Doc. No. 76).  Four days after Defendants' response to the show cause order was due, St. Louis County, along with several other defendants, requested an extension of time to respond to the motion, which the Court granted.  (Doc. No. 78).  Indeed, this matter has repeatedly been delayed by the Defendants' poor time management.  The Court warned defense counsel that they

must comply with deadlines and urged them to seek the assistance of additional counsel if they are unable to manage this matter.

In light of St. Louis County's failure to respond to Plaintiff's motion to compel, the Court will grant Plaintiff's motion and order St. Louis County to fully respond to her requested discovery. *See Starks v. St. Louis Cty.*, No. 4:21-CV-435 RLW, 2021 WL 5802473, at *2 (E.D. Mo. Dec. 7, 2021) (Granting plaintiff's motion to compel where the defendant, St. Louis County, had failed to meet the deadline to respond. The Court noted St. Louis County had ignored deadlines and "been derelict in its duties in this matter….").

Federal Rule of Civil Procedure 37 allows the Court to impose sanctions for discovery violations such as

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). If Defendant continues to fail to meet its obligations, such sanctions may be appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED**. (Doc. No. 83).

**IT IS FURTHER ORDERED** that Plaintiff's supplemental motion to compel is **GRANTED**.  (Doc. No. 86).

**IT IS FURTHER ORDERED** that Defendant St. Louis County shall produce the documents within **seven days** of the date of this order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June 2022.